**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DELICIA McDANIEL,** § | |
| Plaintiff, § | |
| § | |
| v. § | **Civil Action No. 3:13-CV-4031-P** |
| § | |
| **FAMILY SLEEP DIAGNOSTICS, INC.,** § | |
| Defendant. § | |

## ORDER

Pursuant to the electronic order of reference filed January 27, 2016, before the Court for determination is *Defendant's Motion to Compel Discovery and for Plaintiffs to Correct/Amend Initial Disclosure Deficiencies*, filed January 26, 2016 (doc. 64). On February 8, 2016, the parties filed their *Joint Submission* (doc. 69), as provided by the order dated January 27, 202016 (doc. 68).

An oral argument was conducted on the record concerning the remaining issues on February 19, 2016. All parties appeared in person or through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, and for the reasons stated on the record during the hearing,

1. The relevance and privacy objections to Request for Production No. 1 in Section II of the *Joint Submission* are sustained, and the motion to compel as to this request is **DENIED**.

2. The relevance and privacy objections to Request for Production No. 2 in Section II of the *Joint Submission* are sustained, and the motion to compel as to this request is **DENIED**.

3. The motion to compel a response to Request for Production No. 3 in Section II of the *Joint Submission* is **GRANTED**, and the plaintiff shall amend her answer to reflect whether she has responsive documents and/or whether she has previously produced responsive documents. To the extent that she has previously produced documents, she must amend her answer to specifically identify the previously produced documents that she contends are responsive.

4. The motion to compel a response to Interrogatory No. 1 in Section II of the *Joint Submission* is **GRANTED**, and the plaintiff shall specifically respond to the interrogatory to the best of her ability.

5. The motion to compel a response to Interrogatory No. 2 in Section II of the *Joint Submission* is **GRANTED**, and the plaintiff shall specifically respond to the interrogatory to the best of her ability.

6. The motion to compel a response to Requests for Production Nos. 6, 7, 8, 10, and 12 in Section III of the *Joint Submission* is **GRANTED**, and the plaintiff shall amend her answers to reflect whether she has responsive documents and/or whether she has previously produced responsive documents. To the extent that she has previously produced documents, she must amend her answer to specifically identify the previously produced documents that she contends are responsive.

7. Based on the failure to timely object, the motion to compel a response to Request for Production No. 1 of the subpoena duces tecum at issue in Section IV of the *Joint Submission* is **GRANTED**, and the plaintiff shall provide a response and produce responsive documents.

8. The motion to compel the plaintiff to supplement her Rule 26 initial disclosures at issue in Section V of the *Joint Submission* is **GRANTED in part**, and the plaintiff shall amend her disclosures to identify the documents the disclosure stated that she would be producing, and to identify the documents upon which her damages calculations are based. To the extent that she has previously identified or produced the documents, she must amend her disclosures to specifically identify the previously identified or produced documents that she contends are responsive.

9. The plaintiff shall serve her amended answers and responsive documents on the defendant's counsel within 21 days of the date of this order, unless otherwise agreed by the parties.

10. Because the motion to compel has been granted in part and denied in part, the request

for attorneys' fees is **DENIED**.

       11.    All relief not specifically awarded is denied.

**SO ORDERED** on this 19th day of February, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE