**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**DELICIA McDANIEL, individually**
**and on Behalf of Others Similarly Situated**                      **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:13-CV-4031-KS**

**FAMILY SLEEP DIAGNOSTICS, INC.,**
**ERIC STENGLE, and KAY VADEN**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants Family Sleep Diagnostics, Inc., Eric Stengle, and Kay Vaden's Motion to Strike [86] and Motion to Dismiss [78]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that these motions are not well taken and should be denied.

## I.  BACKGROUND

On October 4, 2013, Plaintiff Delicia McDaniel ("Plaintiff") filed this class action against Defendants Family Sleep Diagnostics, Inc. ("Family Sleep"), Eric Stengle, and Kay Vaden (collectively "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiff filed her Motion for Leave to File Amended Complaint [76] on May 9, 2016, the deadline for filing amendments to the pleadings, and, after obtaining the Court's permission, filed her First Amended Complaint [77] on May 12, 2016, adding allegations that Defendants retaliated against her for filing this action, also in violation of the FLSA.

On May 20, 2016, Defendants filed their Motion to Dismiss [78], raising for the first time the deficiencies in Plaintiff's pleadings regarding the jurisdictional elements of FLSA coverage. Plaintiff responded on June 7, 2016 and contemporaneously filed her Second Amended Complaint

[85] without obtaining the Court's permission.  Defendants responded with their Motion to Strike [86] on June 14, 2016.

## II.  DISCUSSION

Defendants bring their Motion to Dismiss [78] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  A motion for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) has no merit where Plaintiff's "well-pleaded complaint asserts a federal-question cause of action." *Marrow v. J W Elec., Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *1 (N.D. Tex. Nov. 16, 2011).  Defendants' arguments that Plaintiff has not sufficiently alleged FLSA coverage is better analyzed under the standards of Rule 12(b)(6).  *See id.*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).  "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted).  The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.*  But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendants argue that Plaintiff has not pleaded sufficient facts in her First Amended Complaint [77] to show that Family Sleep is an "enterprise" subject to coverage under the FLSA

2

because she has not sufficiently alleged that it was engaged in interstate commerce.  The definition of an "enterprise engaged in interstate commerce" under the FLSA is broad.  *See Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 502 n.8 (5th Cir. 1978).  The FLSA was amended in 1974 to add this broader definition, which added enterprises with "employees handling, selling, or otherwise working on goods or materials that have moved in . . . commerce" to coverage under the FLSA.  *Id.* (quoting S. Rept. 93-690, 93d Cong., 2d Sess., p. 17 (1974)) (alteration in original).  After this amendment was added, Congress stated that its effect would expand FLSA coverage so that every enterprise doing the requisite dollar volume of business would be covered by the FLSA.  *Id.*; *see also Dole v. Bishop*, 740 F.Supp. 1221, 1226 (S.D. Miss. 1990) ("[V]irtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.").  The requisite dollar volume of business under the FLSA is $500,000.  29 U.S.C. § 203(s)(1)(A)(ii).  In order to properly plead FLSA coverage, then, Plaintiff must allege facts showing that Family Sleep's volume of business was greater than $500,000.

Plaintiff fails to adequately plead these facts in her First Amended Complaint [77]; however, in her Second Amended Complaint [85], she does plead that "[f]or the three years prior to the filing of Plaintiff's Original Complaint in 2013, Family Sleep had annual gross sales volume from $3,100,000 in 2010 to $3,800,000 in 2013." (Second Amended Complaint [85] at ¶ 14.)  The Court does not dismiss a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)).  The defects in Plaintiff's First Amended Complaint [77] are curable, as demonstrated by her subsequent pleading, and Plaintiff has not been afforded any opportunity to cure these defects prior to the filing of the Motion to Dismiss [78].

3

Consequently, the Court would ordinarily grant Plaintiff an opportunity to cure these defects. However, her Second Amended Complaint [85], though untimely and filed without the permission of the Court, already serves to cure the deficiencies of her prior pleadings.

Defendants ask, in their Motion to Strike [85], that Plaintiff's Second Amended Complaint [85] be struck because it is not properly before the Court. If the Court were to grant this motion and strike the pleading while simultaneously granting Plaintiff leave to amend in order to cure the defects of her First Amended Complaint [77], Plaintiff would simply refile her Second Amended Complaint [85]. The Court sees no reason to exercise its discretion to strike this pleading while also inviting it to be refiled. Judicial economy weighs against doing so. Furthermore, there will be no prejudice to Defendants if their Motion to Strike [86] is denied, as the Court would otherwise grant Plaintiff leave to amend her pleadings to add the allegations in her Second Amended Complaint [85].

Therefore, the Court will **deny** Defendants' Motion to Strike [86] and allow Plaintiff's Second Amended Complaint [85] to stand. Because this complaint adequately pleads that Family Sleep's gross sales volume was over $3,000,000 during the relevant times, the Court finds that Plaintiff has sufficiently pleaded FLSA coverage existed. The Motion to Dismiss [78] will therefore be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Strike [86] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [78] is **denied**.

SO ORDERED AND ADJUDGED this the 4th day of August, 2016.

*s/Keith Starrett*

4

UNITED STATES DISTRICT JUDGE