IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DELICIA McDANIEL, individually** <br> **and on Behalf of Others Similarly Situated** | **PLAINTIFF** |
| v. | CIVIL ACTION NO. 3:13-CV-4031-KS |
| **FAMILY SLEEP DIAGNOSTICS, INC.,** <br> **ERIC STENGLE, and KAY VADEN** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants Family Sleep Diagnostics, Inc., Eric Stengle, and Kay Vaden's Motion for Summary Judgment [94] and Plaintiff Delicia McDaniel's Motion for Partial Summary Judgment [97]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that Defendants' Motion for Summary Judgment [94] is not well taken and should be denied. The Court further finds that Plaintiff's Motion for Partial Summary Judgment [97] is well taken and should be granted.

## I.  BACKGROUND

On October 4, 2013, Plaintiff Delicia McDaniel ("Plaintiff") filed this collective action against Defendants Family Sleep Diagnostics, Inc. ("Family Sleep"), Eric Stengle, and Kay Vaden (collectively "Defendants"), under the Fair Labor Standards Act ("FLSA"). Plaintiff brings claims of denial of overtime pay on behalf of herself and the class of employees she represents, and a claim for retaliation on her own behalf.

Family Sleep is a Texas company that provides sleep diagnostic services to its clients. Eric Stengle is the owner of Family Sleep, and Vaden is a member of Family Sleep's management. Plaintiff and the employees she represents were employed by Family Sleep during the relevant period.

On August 8, 2016, Defendants brought their Motion for Summary Judgment [94], arguing that Family Sleep is not an "enterprise" subject to the FLSA and that they should be granted summary judgment on this basis. That same day, Plaintiff brought her Motion for Partial Summary Judgment [97], arguing that she had met her burden in establishing that the collective plaintiffs were entitled to summary judgment on the denial of overtime pay claim. Having reviewed the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476

2

F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

  **B.**  **Defendants' Motion for Summary Judgment [94]**

  Defendants contend that they are entitled to summary judgment because Plaintiff's has not adduced any evidence showing that Family sleep is an "enterprise engaged in interstate commerce" subject to coverage under the FLSA.  The definition of an "enterprise engaged in interstate commerce" under the FLSA is broad.  *See Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 502 n.8 (5th Cir. 1978).  Section 203(s)(1)(A) defines an "enterprise engaged in interstate commerce" as an enterprise that:

> (i)  has employees engaged in commerce or in the production for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii)  is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

Defendants do not dispute that their annual gross volume of business is over $500,000, but argue only that Plaintiff has produced no evidence showing that Family Sleep's employees are engaged

in commerce or "handl[e], sell[], or otherwise work[] on goods or materials that have been moved in or produced for commerce."

The FLSA was amended in 1974 to add enterprises with "employees handling, selling, or otherwise working on goods or materials that have moved in . . . commerce" to coverage under the FLSA. *Dunlop*, 516 F.2d at 502 (quoting S. Rept. 93-690, 93d Cong., 2d Sess., p. 17 (1974)) (alteration in original). After this amendment was added, Congress stated that its effect would expand FLSA coverage so that every enterprise doing the requisite dollar volume of business would be covered by the FLSA. *Id.*; *see also Dole v. Bishop*, 740 F.Supp. 1221, 1226 (S.D. Miss. 1990) ("[V]irtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA."). Nearly every Circuit to examine this amendment has adopted a similar expansive interpretation. *See, e.g., Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 695 (4th Cir. 1990) (finding it sufficient for enterprise coverage for that employees used goods and materials that traveled in interstate commerce in the preparation and serving of food and in performing cleaning tasks, regardless of whether the employer was in some sense the "ultimate consumer"); *Donovan v. Pointon*, 717 F.2d 1320, 1322-23 (10th Cir. 1983) ("The fact that [defendant] may have himself acquired the goods and materials . . . from sources within the state of Oklahoma is irrelevant to a determination of whether [defendant] is a covered employer . . . The critical issue is whether the goods or materials handled by [defendant] and his employees had moved in interstate commerce."); *Marshall v. Brunner*, 668 F.2d 748, 751 (3d Cir. 1982) (finding that the 1974 amendment's addition of the words "or materials" to the statute clarified that the FLSA applied "to those businesses, which in the course of their own operations, use materials which have been moved in or produced for commerce); *Donovan v. Scoles*, 652 F.2d 16, 18-19 (9th Cir. 1981) ("The language [of the amendment] . . . broadens coverage to include all employees within the stream of commerce of such

goods, even if their own participation remains purely intrastate."). Therefore, because Defendants have pointed only to her lack of evidence, to defeat summary judgment, Plaintiff must adduce evidence that goods or materials she or the collective plaintiffs she represents handled or worked on during their employment with Family Sleep moved in or were produced for interstate commerce.

Plaintiff has met this burden. She has put forward evidence to show that some of the equipment she and other employees used during their employment at Family Sleep included goods and materials, such as polysomnography equipment and nasal airflow sensors, that were manufactured outside of the state of Texas and moved in the stream of interstate commerce. Based on this evidence, the Court will **deny** Defendants' Motion for Summary Judgment [94].

### B. Plaintiff's Motion for Partial Summary Judgment [97]

Plaintiff argues that partial summary judgment should be granted as to Defendant Familys Sleep's liability on the collective action claim under the FLSA for violations of the overtime wage requirements. To establish a claim for unpaid overtime compensation, Plaintiff must show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Plaintiff only asks for partial summary judgment as to the first three elements.

Defendants concede that the first element of this claim is met, but argue that their employees did not engage in activities covered by the FLSA and that Plaintiff has failed to establish that the overtime wage requirements were violated. The Court will discuss each of these issues in turn.

### 1. Coverage of the FLSA

5

Defendants reiterate their argument that Plaintiff has put forth no evidence establishing that Family Sleep is an "enterprise engaged in interstate commerce" subject to FLSA coverage. As discussed above, *see supra* Part II.B, Plaintiff has adduced evidence showing that Family Sleep's employees handled equipment that had traveled in and was produced for interstate commerce. Defendants have put forward no evidence that the employees did not handle such equipment, other than a declaration stating that "[o]ther than the beds and bed linens, none of the sleep testing equipment used by these Plaintiffs was [sic] purchased new from its manufacturer or distributor." (Defendants' Appendix [103] at p. 2.) This evidence does not disprove coverage under the FLSA, as it does not show that the equipment used did not pass through the stream of interstate commerce. *See Donovan*, 717 F.2d at 1322-23 (holding that the defendant was still covered by the FLSA even if the goods and materials handled by his employees were purchased from intrastate sources, where the goods and materials had previously moved in interstate commerce). Therefore, because Plaintiff has produced evidence showing that Family Sleep is covered under the FLSA enterprise coverage and Defendants have put forth no evidence showing a genuine dispute of fact as to this issue, the Court finds that this element of Plaintiff's claim has been established.

### 2.     Violation of the Overtime Wage Requirements

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207 (a)(1). Plaintiff has produced declarations and timesheets from Anita Wilson and Joaquinette McCauley, two of the employees on whose behalf she brings this action. (*See* Plaintiff's Appendix [99].) These declarations and timesheets establish that there were weeks in which Family Sleep's employees worked more than forty hours, and Wilson

6

and McCauley both state in their declarations that they were not paid an overtime rate for this work. (*See id.*)

In response to Plaintiff's evidence, Defendants submit the declaration of Kay Vaden. However, nothing in Vaden's declaration refutes Plaintiff's claim that employees often worked over forty hours a week and were not paid time-and-a-half for those hours. Vaden states only that she felt that her "pay was fair and acceptable" and that it was her choice to work more than forty hours a week. (Defendants' Appendix [103] at p. 4.) At no point in the declaration does Vaden assert that Family Sleep paid her or any other employee the required time-and-a-half rate for hours in excess of forty hours a week, nor does she state at any point that Plaintiff, or any other employee on whose behalf she brings the suit, never worked more than forty hours a week. Vaden's declaration, then, does not in any way create a genuine dispute of fact as to whether Family Sleep failed to meet the overtime requirements of the FLSA.

The only other argument Defendants make as to this issue is to point out that the evidence presented by Plaintiff only speaks to the overtime claims of Wilson and McCauley, and does not establish the claims of Plaintiff herself or the other employees she represents in the collective action. However, Defendants fail to account for the fact that this case is a certified collective action under the FLSA. Such a collective action "functions like a class action under Rule 23 in that it provides a judicial mechanism for the efficient resolution of the claims of multiple plaintiffs that involve common factual issues on the basis of representative proof." *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 429 (E.D. La. 2010) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212-14 (5th Cir. 1995)). It is sufficient, then, that Plaintiff has put forward representative proof as to the liability of Family Sleep under the overtime violation claim.

7

Therefore, the Court finds that Plaintiff has established her case as to the first three elements of the collective claim of overtime violations under the FLSA against Family Sleep. Because Defendants have put forth no evidence showing a dispute of fact as to these elements, Plaintiff's Motion for Partial Summary Judgment [97] will be **granted**. The issue of damages under this claim, the fourth element of an overtime violation claim, will remain pending.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [94] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment [97] is **granted**.

SO ORDERED AND ADJUDGED this the 20th day of September, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE