UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DELICIA MCDANIEL**, Individually and on Behalf of Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FAMILY SLEEP DIAGNOSTICS, INC., ERIC STENGLE and KAY VADEN,**<br><br>*Defendants*. | CASE NO. 3:13-cv-4031<br><br>COLLECTIVE ACTION |

**PLAINTIFFS' MOTION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES, COSTS, AND EXPENSES
AND BRIEF IN SUPPORT THEREOF**

Respectfully submitted,

**BRUCKNER BURCH PLLC**

Richard J. (Rex) Burch
James A. Jones
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
jjones@brucknerburch.com

**1.     INTRODUCTION**

As the result of the Court-ordered mediation held in this case on December 30, 2016, the Parties reached an agreement to settle this matter. Defendants Family Sleep Diagnostics, Inc. (Family Sleep), Eric Stengle, and Kay Vaden presented an offer to Plaintiffs to resolve their claims in this matter, which provided for a separate award of fees and costs, to be determined by the Court. 29 U.S.C. § 216(b) (a prevailing FLSA plaintiff "shall" be awarded reasonable fees and costs). Plaintiffs accepted Defendants' offer. In accordance with the parties' agreement, Plaintiffs' counsel now moves for approval of attorneys' fees in the amount of $161,096.25 and costs and expenses in the amount of $10,685.57.

**2.     APPLICABLE STANDARD**

The FLSA provides for an award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). A party is a "prevailing party" for the purposes of attorneys' fee awards if the party "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 791 (1989). A "prevailing plaintiff" in an FLSA case includes plaintiffs who successfully negotiate settlements of their FLSA claims. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). For prevailing plaintiffs in FLSA cases, fee awards are mandatory. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237 (5th Cir. 2016); *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.,* 2013 WL 487032, at *2 (S.D. Tex. Feb. 6, 2013) *affd sub nom. Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 Fed. Appx. 182 (5th Cir. 2014) *cert, denied,* —— U.S. ——, 134 S.Ct. 2733 (2014).

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Heidtman v. Cnty. of El Paso,* 171 F.3d 1038, 1043 (5th Cir.1999). The court must first calculate the lodestar, "which is equal to the number of hours reasonably expended multiplied by the

prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392. The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson,* 99 F.3d 757, 760 (5th Cir.1996); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995); M*auricio v. Phillip Galyen, P.C.*, 2016 WL 1273337, at *1 (N.D. Tex. Mar. 30, 2016). The lodestar method is intended to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).

Plaintiff's Counsel "is not required to record in great detail how each minute of his time was expended," but should "at least identify the general subject matter of his time expenditures." *Hensley v. Eckerhart,* 461 U.S. 424*,* 437 n. 12 (1983) The "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). After all, a request for attorney's fees should not "result in a second major litigation." *Hensley*, 461 U.S. at 437.

After calculating the lodestar, the court may increase or decrease it based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989); *Heidtman,* 171 F.3d at 1043.

The *Johnson* factors are:

(1) the time and labor required by the litigation;
(2) the novelty and difficulty of the issues;
(3) the skill required to perform the legal services properly;
(4) the preclusion of other employment by the attorney;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and,
(12) the award in similar cases.

*Johnson,* 488 F.2d at 717–19.

However, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee," *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986). *See also Hensley*, 461 U.S. at 434 n. 9 (1983) ("many of the [*Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."); *Mauricio*, 2016 WL 1273337, at *1 (same). For example, the customary hourly fee (*Johnson* factor #5) is redundant of the prevailing hourly rate used in determining the lodestar, and is further likely to be influenced by (# 3) the level of skill necessary to perform the services, (# 6) whether the fee is fixed or contingent, (# 7) time limitations, (# 8) the amount to be obtained, (# 9) the reputation of the attorneys, and (# 10) the undesirability of the case. *Copeland v. Marshall*, 641 F.2d 880, 890 (D.C. Cir. 1980). Similarly, the novelty and difficulty of the issues (#2) "presumably [are] fully reflected in the number of billable hours recorded by counsel," *Kenny A. ex rel. Winn*, 559 U.S. at 553, as is obviously the time and labor involved (#1). *SettlePou, P.C.*, 732 F.3d at 503 n.8. Thus, the lodestar amount may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar. *Saizan v. Delta Concrete Products Company*, 448 F.3d 795, 800 (5th Cir. 2006); R*ichmond v. SW Closeouts, Inc.*, 2016 WL 4368305, at *2 (N.D. Tex. Aug. 16, 2016).

"The Supreme Court has [held] that there is a 'strong presumption' that the lodestar figure, without adjustment, is the reasonable fee award." *Kenny v. Perdue,* 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562, (1992); *Del. Valley Citizens' Council for Clean Air,* 478 U.S. at 565)). The lodestar is "presumptively reasonable and should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). If the court concludes that a reduction in the fees is required to make them reasonable, the court must provide an explanation for

the reduction so as to ensure the result was not arbitrary. Reductions based on a purely visceral reaction to the total amount requested will not suffice. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708–09 (7th Cir.2001).

A party challenging the amount of attorney's fees must explain why or how the requested fees are unreasonable. *See Wegner v. Standard Ins. Co.,* 129 F.3d 814, 823 (5th Cir.1997); *HCC Aviation Ins. Grp., Inc. v. Emp'rs Reinsurance Corp.,* 2008 WL 850419, at *7 (N.D. Tex. Mar. 21, 2008) ("without objections to specific entries, Respondent has not shown that the entries are unreasonable."). "Without detailed information explaining why or how the total number of hours or the rates are unreasonable, an objection to a fee request does not constrain the court's discretion." *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 501 (5th Cir. 2001); *James v. City of Dallas,* 2005 WL 954999, at *2 (N.D. Tex. Apr. 25, 2005).

**3.      PLAINTIFF'S COUNSEL'S LODESTAR**

| ATTORNEY | NO. OF HOURS | RATE | FEES |
|---|---|---|---|
| James A. Jones | 306.85 | $525.00 | $161,096.25 |
| **TOTAL** | 306.85 | | $161,096.25 |

**4.      PLAINTIFFS' COUNSEL'S RATES ARE REASONABLE**

A reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to ... as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see Kenny A.*, 559 U.S. at 551 (noting

that the aim of fee-shifting statutes is to approximate "the prevailing market rates in the relevant community") (internal quotations and citation omitted).

Here, the fee calculation uses an hourly rate of $525 for James A. Jones, a 34-year lawyer who is Of Counsel to Bruckner Burch. This rate is reasonable based on prevailing rates in the Northern District of Texas, and is appropriate to the level of skill of the attorney who worked on the Plaintiffs' behalf. *See Kurgan v. Chiro One Wellness Centers LLC,* 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015) (referring to Bruckner Burch's lawyers as being "among the most experienced and best regarded in this specialized practice area"); *Girault v. Supersol 661 Amsterdam, LLC,* 2012 WL 2458172, *2 (S.D.N.Y. June 28, 2012) (Bruckner Burch lawyers "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions"); *Diaz v. Scores Holding Co.*, 2011 WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (Bruckner Burch employs "experienced employment lawyers with good reputations among the employment law bar"); *Schmidt v. Smith & Wollensky, LLC,* 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (referring to Bruckner Burch as "qualified" and "highly experienced attorneys"). Jones Dec. ¶ 5.

James A. Jones is a 1983 *magna cum laude* graduate of Tulane School of Law. Jones Dec. ¶ 4. He has practiced primarily in the area of class actions and collective actions since 1986. *Id.* Besides having been the managing partner of his own law firm, Jones & Associates, P.C. for ten years, he is a former partner in the nationally recognized class action firm of Sprenger & Lang, where he managed the Minneapolis office. *Id.* Mr. Jones is a former named partner in the Dallas employment law firm of Gillespie, Rozen, Watsky & Jones, P.C., where he managed the firm's class action and collective action practice. *Id.* Mr. Jones has served as lead counsel in numerous class and collective actions

throughout his career. *See, e.g.*, *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (deciding, as a matter of first impression, that hourly paid Physician Assistants and Nurse Practitioners were entitled to overtime under the FLSA and affirming judgment in favor of nationwide class); *Jirak v. Abbott Laboratories, Inc.*, **716 F.Supp.2d 740** (N.D. Ill. 2010) (granting summary judgment to pharmaceutical reps in FLSA case); *Solis v. Hotels.com,* Case No. 3-cv-00618-L (N.D. Tex. 2006) (class action against Hotels.com on behalf of call center workers); *Gentry v. Ikon Office Solutions, Inc.*, Case No. 3:96-cv-01121-L (N.D. Tex. 2000) (class action against Ikon Office Solutions on behalf of account executives); *Troupe v. Randall's Food & Drug*, Case No. 3:98-cv-02462-P (N.D. Tex. 2001) (Title VII class action against Randall's Food Stores). He has recovered millions of dollars for both victims of employment discrimination and victims of wage & hour violations. *Id.*

Courts have awarded Mr. Jones the requested rates (or higher) on several occasions, dating back more than 5 years. *See Meyers v. Lowe's HIW, Inc.*, Case 2:09-cv-8354-DDP-RZ (C.D. Cal.) ($565 for James A. Jones); *St. John v. Nesco Service Co.*, Case No. 4:15-cv-00253 (S.D. Tex. 2016) ($525 for James A. Jones). Jones Dec. ¶¶ 7-9.

Mr. Jones' rates are reasonable when compared to the rates requested and approved by his peers in the Northern District of Texas plaintiffs' employment law community. In both *Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas, 2012) and *Miller v. Raytheon Co.*, No. 3:09-cv-440-O [Doc. 226] (N.D. Tex. 2013), Hal Gillespie, Mr. Jones' former law partner, requested and was granted an hourly rate of $685. In 2015, Brian Sanford, who graduated law school three years after Mr. Jones was granted an hourly rate of $650. *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex.). In 2014, Matthew R. Scott, who graduated law school twelve years after Mr. Jones was granted an hourly rate of $600.

*Green v. Dallas County Schools*, No. DC-12-09857 (162nd District Court for Dallas County, Texas). Jones Dec. ¶ 10.

In 2012, Joe Gillespie, who graduated law school 19 years after Mr. Jones and who was formerly Mr. Jones' associate, was granted an hourly rate of $450. *Black v. SettlePou, P.C.*, 2012 WL 3638681, at *4 (N.D. Tex. Aug. 24, 2012), *rev'd and vacated on other grounds,* 732 F.3d 492 (5th Cir. 2013) ("Although Defendant SettlePou, P.C. contests the reasonableness of Betty Black's counsels' hourly rates, the Court has determined that hourly rates of $450 per hour for Mr. Gillespie . . . [is] consistent with the hourly wages of similarly situated attorneys in the Dallas area.")

Plaintiff's counsel's rates are particularly reasonable when compared with the rates charged by partners in large Texas defense firms. In *In re CJ Holding Co.*, Case No. 16-33590(DJR) (S.D. Tex. Bankr. August 10, 2016) (ECF No. 168), Kirkland & Ellis LLP sought approval to serve as Debtor's counsel with rates for its Partners to be billed at $875 - $1,495 per hour. Even Associates were to be billed at $525 - $945. Jones Dec. ¶ 11 & Ex. 2. In *McClain v. Lufkin Industries*, Case No. 9:97-cv-00063-RC (E.D. Tex) (Lufkin), on January 20, 2009, Vinson & Elkins filed an Amended Declaration of Christopher V. Bacon (ECF No. 599-5). Jones Dec. ¶ 12 & Ex. 3. This declaration was filed in support of Vinson & Elkins' application for attorneys' fees in that matter. In 2009, in Lufkin, a lower priced market than Dallas, Partner Gwen Samora, who graduated law school nine (9) years after Mr. Jones, was billing at a rate of $625. Jones Dec. ¶ 13 & Ex. 4. Mr. Bacon, who graduated law school seven (7) years after Mr. Jones, was billing at $475 in a less expensive market eight (8) years ago. Jones Dec. ¶ 14 & Ex. 5.

**5.     THE REQUESTED HOURS ARE REASONABLE**

   **A.     Plaintiffs' Counsel's Time Records**

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citations omitted); *Jackson v. Transamerica Occidental Life Ins. Co.*, 149 F.3d 1178 (5th Cir. 1998) (same); *Coface N. Am. Ins. Co. v. Woodlands Exp., LLC*, 2016 WL 4361462, at *3 (S.D. Tex. Aug. 15, 2016) ("Compensable hours, reasonably spent, are determined from the attorney's contemporaneous time or billing records or other documentation which the district court must examine to discern which hours are compensable and which are not."). Although counsel "is not required to record in great detail how each minute of his time was expended," counsel should, at a minimum, "at least identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n. 12. Attached hereto as Ex. 6 to the Declaration of James A. Jones (Ex. A) are Plaintiffs' Counsel's contemporaneous time records regarding the hours expended on this case. These records reflect the dates, attorney, time involved, the nature of the services performed, and the adjustments made in the exercise of billing judgment.

Plaintiff's Counsel's time records are properly billed in .10 increments. *See Davis v. Perry*, 991 F. Supp. 2d 809, 838 (W.D. Tex. 2014), *supplemented,* 2014 WL 172119 (W.D. Tex. Jan. 15, 2014), and *rev'd sub nom. on other grounds*, *Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015), *cert. denied,* 136 S. Ct. 534 (2015) (listing cases approving of .10 billing increments); *Speaks v. Kruse*, 2006 WL 3388480, at *6 (E.D. La. Nov. 20, 2006) (.10 billing increments are appropriate).

In reviewing the records, the Court's inquiry should not be made with the benefit of hindsight, but rather answer the question of whether at the time the work was performed, a

reasonable attorney would have engaged in similar time expenditures. *DeCurtis v. Upward Bound Int'l, Inc.,* 2011 WL 4549412, at *8 (S.D.N.Y. Sept. 27, 2011) (quoting *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir.1992)); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 825 (S.D. Tex. 2008) ("[S]ince a reasonable attorney's fee is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' the determination is not based on 'whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"); *Spear Mktg., Inc. v. Bancorpsouth Bank*, 2016 WL 193586, at *12 (N.D. Tex. Jan. 14, 2016) ("The Court should not evaluate whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.").

Plaintiffs' lawyers kept contemporaneous time records of their work they performed. *See* Jones Dec. ¶ 16. As evidenced by the contemporaneous time records, this case was reasonably staffed. *Id.* Unlike Family Sleep's counsel, who generally staffed this case with two attorneys, Plaintiffs' counsel staffed this case with a single attorney.

B. **Plaintiffs' Counsel Exercised Proper Billing Judgment**

In reviewing a fee applicant's billing records, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770; *Clark v. Centene Corp.*, 2015 WL 6962894, at *3 (W.D. Tex. Nov. 10, 2015). "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but

hours written off." *See Alberti v. Klevenhagen,* 896 F.2d 927, 930 (5th Cir.1990), *vacated in part on other grounds,* 903 F.2d 352 (5th Cir.1990).

As demonstrated in Ex. 6 to the Declaration of James A. Jones, counsel exercised proper billing judgment in this case. First, Plaintiffs' counsel wrote off "unproductive, excessive, or redundant hours." Moreover, in accordance with the prevailing case law, Plaintiffs' counsel wrote off 50% of all travel time between Houston and Dallas. *See Bd. of Supervisors of La. State Univ. v. Smack Apparel*, 2009 WL 927996, at *6 (E.D. La. Apr.2, 2009) ("'[T]ravel time ... in the Fifth Circuit is usually compensated at 50% of actual time."); *Lewallen v. City of Beaumont*, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009), *aff'd,* 394 F. App'x 38 (5th Cir. 2010) ("In the fee-shifting context, compensating travel time at 50% of actual time is a common practice within the Fifth Circuit); *In re Babcock,* 526 F.3d 824, 827–28 (5th Cir.2008) (discussing various cases in which travel time was charged at one-half rates).

| ATTORNEY | ORIGINAL HOURS BILLED | ADJUSTMENTS IN BILLING JUDGMENT | HOURS INLCUDED IN FEE PETITION |
|---|---|---|---|
| James A. Jones | 366.95 | -60.10 | 306.85 |

Plaintiffs' counsel's time records demonstrate that they properly exercised billing judgment. In total, counsel wrote off 60.10 hours of attorney time, or $31,552.50 in fees (16% of all billed time) in properly exercising billing judgment.

## 6. THERE EXIST NO OTHER BASES FOR FURTHER REDUCTION OF PLAINTIFFS' COUNSEL'S FEES

### A. Degree of Success

The Fifth Circuit has held that "the most critical [*Johnson*] factor in determining an attorney's fee award is the degree of success obtained." *Saizan v. Delta Concrete Prod. Co.,* 448 F.3d 795, 799 (5th Cir.2006); *Ransom v. M. Patel Enterprises, Inc.*, 734 F.3d 377, 387 (5th Cir. 2013). By any measure, Plaintiffs achieved a high degree of success in this litigation. Not only did Plaintiffs successfully fight off multiple Motions to Dismiss filed by Family Sleep and defeat a Motion for Summary Judgment filed by Family Sleep, Plaintiffs obtained a Summary Judgment against Family Sleep on the issue of liability. Moreover, Plaintiffs achieved a high degree of success in the settlement of their claims. Five of the eight Plaintiffs recovered 100% of their 3 year liquidated damages. In other words, they recovered the maximum amount they could have recovered at trial. The other three Plaintiffs recovered an amount that equates to 1) more than 100% of their 2 year liquidated damages and 2) more than their 3 years of overtime owed.

Plaintiff Delicia McDaniel achieved a high degree of success on her individual claim of retaliation. McDaniel recovered 100% of the amount of monetary damages she was claiming plus an additional approximately 50% as mental anguish damages. As this Court has noted, the recovery of mental anguish damages is not automatic and requires substantial proof for recovery. *Hollingsworth v. Hercules, Inc.*, 2016 WL 7409130, at *3 (S.D. Miss. Dec. 22, 2016) (Starrett, J.). Thus, McDaniel most likely recovered in her settlement close to the maximum amount she could have recovered at trial.

Significantly, none of these amounts will be diluted by attorneys' fees, since Family Sleep has agreed to pay attorneys' fees separately as determined by this Court. By any measure, the Plaintiffs in this case obtained a high degree of success.

B.     **Proportionality Between Damages and Attorneys' Fees**

Plaintiffs are recovering a total of $70,955 on their claims in this matter. They also seek fees in the amount of $161.096.25. The mere fact that the fees incurred in this case exceed the amount of Plaintiffs' recovery[1] provides no basis for a reduction of the fees sought.

Both the Supreme Court and the Fifth Circuit have expressly rejected a rule of proportionality between damages and attorneys' fees. *City of Riverside v. Rivera,* 477 U.S. 561 (1986); *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000). Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples. *Roussel v. Brinker Intern., Inc.,* 2010 WL 1881898 at * 11 (S.D. Tex., Jan. 13, 2010) (awarding attorneys' fees of over $1.5 million on judgment of $272,000) (multiple of 5.5). An attorney's fee award is not unreasonable simply because it exceeds by a large multiple the amount recovered by the plaintiff. *Estate of Borst v. O'Brien*, 979 F.2d 511, 517 (7th Cir. 1992) (attorney's fee award 47 times plaintiff's recovery not unreasonable). "In short, fee awards should not be linked mechanically to a plaintiff's award." *Eddleman v. Switchcraft, Inc.,* 927 F.2d 316, 318 (7th Cir. 1991).

Strong and laudable policy reasons exist for the rule. The purpose behind the nondiscretionary fee-shifting provisions of the FLSA is to encourage attorneys to accept wage cases on behalf of low-wage workers where the attorneys' fees will likely exceed any possible recovery. *See Urnikis-Negro v. Am. Family Prop. Servs., Inc.*, 2009 WL 212122, at *4 (N.D. Ill. Jan. 26, 2009). "Recoveries in individual FLSA suits … typically are modest; they involve cases in which a law-flouting employer has, in essence, tried to nickel-and-dime his employee. With that backdrop

---

[1]     The ratio of damages to fees in this case represent a multiple of 2.27.

limiting recoverable fees when a plaintiff recovers relatively modest damages in a FLSA case would create a significant disincentive for lawyers to take on such litigation, which in turn would undermine Congress' intent …" *Id.*

Thus, it is no surprise that Courts regularly approve fees in FLSA cases well in excess of the damages recovered. *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (affirming award of $7,680 in overtime compensation and $40,000 in attorneys' fees.) (5.21 multiple); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and $9,250 in attorneys' fees) (7.83 multiple); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983)(affirming award of $18,455 in damages and $100,000 in attorneys' fees) (5.42 multiple); *Lucio–Cantu v. Vela,* 239 Fed.Appx. 866 (5th Cir.2007) (district court did not abuse its discretion in awarding $51,750 in attorneys' fees under FLSA when plaintiffs recovered $3,349.29, $52.50, and $1,296.00 [total of $4697.79] respectively) (11.02 multiple). The 2.27 multiple between damages and fees in this matter is well within the range (indeed at the extreme lower end) of fees that have been awarded by the courts in FLSA cases.

### C. Fees on Fees

Plaintiffs are entitled to recover attorney's fees incurred in litigating and establishing their entitlement to fees. It is settled that a prevailing party under a fee-shifting statute may recover its reasonable attorneys' fees "for the effort entailed in litigating a fee claim and securing compensation." *Calix v. Ashton Marine LLC*, 2016 WL 4194119, at *9 (E.D. La. July 14, 2016), *report and recommendation adopted,* 2016 WL 4180977 (E.D. La. Aug. 8, 2016). Five circuits, including the Fifth Circuit, have expressly addressed this question, and a prevailing plaintiff's entitlement to fees for the effort entailed in securing compensation has been unanimously upheld. *Johnson v. State of*

*Mississippi*, 606 F.2d 635, 637-39 (5th Cir. 1979); *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978); *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir.), *cert. denied*, 444 U.S. 880 (1979); *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980). Accordingly, Plaintiffs are entitled to the fees associated with preparing this fee petition.

7. **THE COSTS AND EXPENSES INCURRED BY PLAINTIFFS' COUNSEL SHOULD BE APPROVED**

Reasonable expenses are ordinarily included in the award of a statutory attorneys' fee. *See Dowden v. City of Apoka, Fla.*, 698 F.2d 1181, 1190 (11th Cir. 1983). This principle has been applied to FLSA cases. *Rouse v. Target Corp.*, 2016 WL 319871, at *7 (S.D. Tex. Jan. 26, 2016).

Plaintiffs seek reimbursement for $10,685.57 in costs and expenses incurred in this matter. Attached as Ex. 7 to the Jones Decl. is a true and correct detailed listing of the costs and expenses incurred in this matter. These expenses and costs were required for the prosecution of this case and should be approved. Jones Dec. ¶ 19.

8. **CONCLUSION**

For all of the foregoing reasons, Plaintiff requests that this Court grant his Fee Petition in its entirety and enter an Order (1) granting judgment in favor of Plaintiffs and against each Defendant, jointly and severally, in the amount of $171,781.82, representing Plaintiffs' fees and costs incurred in this matter, and (2) granting such further relief as the Court deems necessary and proper.

Dated: February 20, 2017                Respectfully submitted,

                                        BRUCKNER BURCH PLLC

                                        */s/    James A. Jones*
                                        Richard J. (Rex) Burch
                                        Texas Bar No. 24001807

>James A. Jones
>Texas Bar No. 10908300
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>Telephone: (713) 877-8788
>Telecopier: (713) 877-8065
>rburch@brucknerburch.com
>jjones@brucknerburch.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2017, the foregoing *Plaintiff's Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses* was filed upon all counsel of record via ECF.

>*s/   James A. Jones*
>James A. Jones