## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **DELICIA MCDANIEL**, Individually and on Behalf of Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FAMILY SLEEP DIAGNOSTICS, INC., ERIC STENGLE and KAY VADEN,**<br><br>*Defendants.* | CASE NO. 3:13-cv-4031<br><br>COLLECTIVE ACTION |

## DECLARATION OF JAMES A. JONES

I, James A. Jones, state under penalty of perjury the following:

1. I submit this declaration in support of Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses. I have personal knowledge of the factual matters set forth in this declaration and, if called to testify, could and would competently and truthfully testify thereto.

2. I am a member in good standing of the Texas State Bar. I am serving as counsel for Plaintiffs in this action.

3. In addition to all Texas State Courts, I am licensed in the Federal Courts of Appeal for the Fifth, Sixth, Eighth and Ninth Circuits, the Western District of Oklahoma, as well as all federal courts in Texas. I have appeared on a *pro hac vice* basis in several other courts, including state and federal courts in California, and federal courts in Arizona, Colorado, Kentucky, Tennessee, Illinois, Ohio, Pennsylvania, New York, Indiana, New Mexico, Washington, North Dakota and New Jersey.

4. I am currently Of Counsel with the law firm of Bruckner Burch PLLC. I am a 1983 *magna cum laude* graduate of Tulane School of Law. I have practiced primarily in the area of class actions and collective actions since 1986. Besides having been the managing partner of my own law

**EXHIBIT A**

firm, Jones & Associates, P.C. for ten years, I am a former partner in the nationally recognized class action firm of Sprenger & Lang, where I managed the Minneapolis office. I am also a former named partner in the Dallas, Texas employment law firm of Gillespie, Rozen, Watsky & Jones, P.C., where I managed the firm's class action and collective action practice. I have served as lead counsel in numerous class and collective actions throughout my career. *See, e.g.*, *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (deciding, as a matter of first impression, that hourly paid Physician Assistants and Nurse Practitioners were entitled to overtime under the FLSA and affirming judgment in favor of nationwide class); *Jirak v. Abbott Laboratories, Inc.*, 716 F.Supp.2d 740 (N.D. Ill. 2010) (granting summary judgment to pharmaceutical reps in FLSA case); *Solis v. Hotels.com,* Case No. 3-cv-00618-L (N.D. Tex. 2006) (class action against Hotels.com on behalf of call center workers); *Gentry v. Ikon Office Solutions, Inc.*, Case No. 3:96-cv-01121-L (N.D. Tex. 2000) (class action against Ikon Office Solutions on behalf of account executives); *Troupe v. Randall's Food & Drug*, Case No. 3:98-cv-02462-P (N.D. Tex. 2001) (Title VII class action against Randall's Food Stores). I have recovered millions of dollars for both victims of employment discrimination and victims of wage & hour violations.

     5.     Courts have repeatedly praised the lawyers of Bruckner Burch and their work in FLSA cases. *See Kurgan v. Chiro One Wellness Centers LLC,* 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015) (referring to Bruckner Burch's lawyers as being "among the most experienced and best regarded in this specialized practice area[.]"); *Girault v. Supersol 661 Amsterdam, LLC*, 2012 WL 2458172, *2 (S.D.N.Y. June 28, 2012) (Bruckner Burch lawyers "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions"); *Diaz v. Scores Holding Co.*, 2011 WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (Bruckner Burch employs "experienced employment lawyers with good reputations among the employment law bar"); *Schmidt v. Smith & Wollensky, LLC,* 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (referring to Bruckner Burch as "qualified" and "highly experienced attorneys").

6. I have spent the vast majority of my career litigating employment law and wage and hour cases, including those brought under the Fair Labor Standards Act (FLSA) and various state wage and hour laws.

**The Reasonableness of The Hourly Rate Sought**

7. My hourly rate for this matter is $525. I have been approved at higher rates in the past.

8. Five years ago, I was awarded fees at the rate of $565 in an FLSA case. *See Meyers v. Lowe's HIW, Inc.,* Case 2:09-cv-8354-DDP-RZ (C.D. Cal. 2011).

9. I was recently awarded $525 in a contested fee petition in the Southern District of Texas. *St. John v. Nesco Service Co.*, Case No. 4:15-cv-00253 (S.D. Tex. 2016).

10. Attached hereto as Ex. 1 is a chart demonstrating some of the hourly rates awarded for my peers representing Plaintiffs in employment cases.

11. Attached hereto as Ex. 2 is a true and correct copy of the Application of CJ Holding Co., *et al.*, For Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors filed in *In re: CJ Holding Co.*, Case No. 16-33590 (S.D. Tex. August, 10, 2016).

12. Attached hereto as Ex. 3 is a true and correct copy of the Declaration of Christopher V. Bacon filed in *McClain v. Lufkin Industries*, Case No. 9:97-cv-00063-RC (E.D. Tex. January 20, 2009).

13. Attached hereto as Ex. 4 is a true and correct copy of the State Bar of Texas information page for Gwen Samora, available at https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=149304.

14. Attached hereto as Ex. 5 is a true and correct copy of the State Bar of Texas

information page for Christopher V. Bacon, available at https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=158814.

15. I am familiar with the amounts charged and awarded by attorneys in the Northern District of Texas. I have practiced law in this District for over 30 years. In my opinion, the $525 rate sought herein is reasonable, and perhaps low, for an attorney of my experience, skill and reputation.

**The Reasonable Hours Expended on this Litigation**

16. Attached hereto as Ex. 6 to this Declaration is a true and accurate copy of Bruckner Burch's contemporaneous time records. These records reflect the dates, attorney, time involved, the nature of the services performed, and the adjustments made in the exercise of billing judgment. Bruckner Burch bills time in .1 hour increments, using the applicable attorney's billing rate. Because of our small firm size and the breadth of our docket, we are highly incentivized to avoid any duplication of effort within the firm. We pride ourselves on working efficiently to achieve a fair result for our clients.

17. We are seeking reimbursement for 306.85 hours of professional time expended over the past four years litigating this matter, with a value of $161,096.25. This is not all the time we have spent litigating this matter. In the exercise of billing judgment, Plaintiffs' counsel has written off 60.10 hours of professional time with a value of $31,552.50. This represents 16% of all time spent on this matter.

18. First, Plaintiffs' counsel wrote off "unproductive, excessive, or redundant hours." Moreover, in accordance with the prevailing case law, Plaintiffs' counsel wrote off 50% of all travel time between Houston and Dallas. *See Bd. of Supervisors of La. State Univ. v. Smack Apparel*, 2009 WL 927996, at *6 (E.D. La. Apr.2, 2009) ("[T]ravel time ... in the Fifth Circuit is usually compensated at 50% of actual time."); *Lewallen v. City of Beaumont*, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009),

*aff'd,* 394 F. App'x 38 (5th Cir. 2010) ("In the fee-shifting context, compensating travel time at 50% of actual time is a common practice within the Fifth Circuit); *In re Babcock,* 526 F.3d 824, 827–28 (5th Cir.2008) (discussing various cases in which travel time was charged at one-half rates). Moreover, significant billing judgment was exercised in the creation of the bill itself. For example, Rex Burch billed no time to this case at all despite the fact that he regularly conferred with Mr. Jones about the status of the case and various factual and legal issues involved in the case, and reviewed and edited several of the filings in this matter. This "pre-billing" judgment, which does not show up in the time records and hours written off, further demonstrates that Plaintiffs' counsel properly exercised billing judgment in this matter.

**The Requested Costs and Expenses Are Reasonable.**

19. We are also seeking reimbursement for $10,685.57 in costs and expenses. Attached as Ex. 7 hereto is a detailed listing of the costs and expenses incurred in this matter. These charges were reasonably incurred in prosecuting this matter on behalf of Plaintiffs, and receipts are attached where available.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  February 20, 2017         **/s/ *James A. Jones***
                                        _____
                                        James A. Jones