IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DELICIA McDANIEL, individually**
**and on Behalf of Others Similarly Situated**                            **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:13-CV-4031-KS**

**FAMILY SLEEP DIAGNOSTICS, INC.,**
**ERIC STENGLE, and KAY VADEN**                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Attorney's Fees [116] filed by Plaintiff Delicia McDaniel. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

On October 4, 2013, Plaintiff Delicia McDaniel ("Plaintiff") filed this collective action against Defendants Family Sleep Diagnostics, Inc. ("Family Sleep"), Eric Stengle, and Kay Vaden (collectively "Defendants"), under the Fair Labor Standards Act ("FLSA"). Plaintiff brought claims of denial of overtime pay on behalf of herself and the class of employees she represents, and a claim for retaliation on her own behalf. On February 10, 2017, parties filed their Joint Motion for Approval of Settlement [112], which was subsequently granted by the Court. (*See* Order [114].) As part of their agreement, parties agreed to submit the issue of attorney's fees to the Court.

In the Motion for Attorney's Fees [116], Plaintiff's counsel initially submitted that he had worked 306.85 hours on this case and that his fee was $525.00 an hour. Consequently, he calculated his reasonable fees at $161,096.25. Additionally, he calculated the costs and expenses incurred at $10,685.57. In his Reply [124], he adjusted his reasonable fees to $177,423.75, deducting a small

amount of hours in concession to Defendants' response and adding 37.60 hours for the preparing of the Reply [124].

## II.  DISCUSSION

### A.  Standard of Review

The FLSA provides for an award of reasonable attorney's fees and costs to a prevailing plaintiff.  29 U.S.C. § 216(b).  Parties do not dispute that Plaintiff is a prevailing plaintiff in this action and is therefore entitled to reasonable attorney's fees and costs.

The Fifth Circuit "appl[ies] a two-step method for determining a reasonable attorney's fee award."  *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood Cnty.*, 621 F.3d 373, 379 (5th Cir. 2010), on *reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)).  First, the Court calculates the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work."  *Id.* at 392.  In doing so, the Court "should exclude all time that is excessive, duplicative, or inadequately documented."  *Id.*  "Though the lodestar is presume reasonable," the Court is allowed to increase or decrease the award amount based on the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.  Id.*

### B.  Hours Reasonably Expended

In their Response [117], Defendants invite the Court to examine several litigation decisions made by Plaintiff's counsel in his management of this case.  Going over these issues would in effect "result in a second major litigation" of the litigation, which the Supreme Court has cautioned against.  *See Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L.Ed.2d 45 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 24, 437, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)) ("[T]he determination of fees 'should not result in a second major litigation.'").  Though Plaintiff is required to "submit appropriate documentation to meet the burden of establishing entitlement to an award,"

2

the Court is not a "green-eyeshade accountant[]." *Id.* (internal quotations and citations omitted). Instead, the Court's goal should be to "do rough justice, not to achieve auditing perfection." *Id.*

Plaintiff's counsel has submitted detailed documentation of the hours he claims was put into this case. (*See* Time Record Sheet [116-7].) This case was filed in September 2013 and a settlement agreement was approved by the Court in February 2017. Even taking into account that the settlement was actually reached on December 30, 2016, (*see* Reply [124] at p. 6), the case was pending for approximately 38 months. The final total of the hours billed on this case, including the agreed write-offs and not including the time preparing the Reply [124], is 300.35 hours. (*See* Appendix [124-1] at p. 134.) This translates to an average of less than 8 hours per month, which the Court finds to be reasonable. *See Young v. Sea Horse Venture IV, LLC*, No. 3:07-CV-1818-M, 2009 WL 614823, at *1 (N.D. Tex. March 10, 2009) (finding 11 hours worked per month to be reasonable).

The Court does not, however, find that the 37.60 hours spent preparing the Reply [124] to be reasonable. First, the Court would note that there is inadequate documentation for this figure. There have been no details offered in support of these hours, including basic details such as the dates these hours were worked. Second, these hours appear to be excessive, particularly in light of the fact that less than 10 hours seemed to have been spent in researching the initial motion. (*See* Appendix [124-1] at p. 134.) Furthermore, a perusal of the billing documentation shows that from May 20, 2016, the date Defendants filed their Motion to Dismiss [78], to September 20, 2016, the date the Court entered its Order [108] denying Defendants' Motion for Summary Judgment [94] and granting Plaintiff's Motion for Partial Summary Judgment [97], Plaintiff's counsel billed 30.4 hours in total. (*See* Time Record Sheet [116-7] at pp. 9-11; Appendix [124-1] at pp. 129-31.) The idea that counsel expended more effort on a single reply brief in support of his own attorney's fees than he did on all

3

of his filings in relation to all of the dispositive motions in this case appears excessive to the Court. Therefore, because the Court finds the 37.60 hours spent preparing the Reply [124] to be excessive and inadequately documented, it will be excluded from the calculation of the reasonable hours in this case. *See Combs*, 829 F.3d at 391 ([T]he Court "should exclude all time that is excessive, duplicative, or inadequately documented.").

The reasonable hours that will be used to calculate the lodestar, then, will be 300.35 hours.

**C.     Prevailing Hourly Rate in the Community**

As stated above, Plaintiff bears the initial burden of establishing she is entitled to an award of attorney's fees. *See Fox*, 563 U.S. at 383, 131 S. Ct. 2205. As such, any evidence regarding the reasonableness of the hourly rate claimed must be presented when the initial motion is filed.[1]

"Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citations omitted). The only affidavit other than his own that Plaintiff's counsel puts forward is that of Christopher V. Bacon and was filed in 2009 in an unrelated labor and employment case.[2] (*See* Bacon Declaration [116-4].) This affidavit lists the rates of numerous employees of Vinson &

---

[1]The Fifth Circuit has said that a district court has discretion to rely on new evidence and arguments presented for the first time in a reply brief, but must "give the non-movant an adequate opportunity to respond prior to ruling." *Vais Arms, Inc. v. Vai*, 383 F.3d 287, 292 (5th Cir. 2004) (quoting *S.W. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003)). Though the Court allowed Plaintiff to submit new evidence to rebut evidence and/or arguments in Defendants' Response [117], it will not consider this evidence in determining the applicable reasonable hourly rate, as that evidence should have been brought in Plaintiff's original motion and Defendants have not been afforded an opportunity to respond to this new evidence.

[2]The Court assumes the case related to this affidavit was a labor and employment case, as that is Mr. Bacon's area of practice. (*See* Bacon Profile [116-6].)

Elkins,[3] their titles, and their hourly rates. Plaintiff's counsel represents that he holds the title "Of Counsel" at his law firm. (*See* Jones Declaration [116-1] at ¶ 4.) The only "Of Counsel" listed in the Bacon Declaration [116-4] billed at a rate of $345.00 per hour. (*See* Brown Declaration [116-4] at p. 5.) Though Plaintiff's counsel asks for a rate of $525.00 per hour, the Court finds that the $345.00 rate of the comparable attorney at Vinson & Elkins is more appropriate.

The Court recognizes that this rate is greater than the $280 median hourly rate for labor and employment attorneys in the Dallas area, (*see* 2015 Median Rates [117] at App. 25), and that it is also greater than the reasonable hourly rate of $290.00 as determined by Cynthia J. Lambert, whose affidavit Defendants submitted in support of their argument that Plaintiff's counsel's hourly rate is unreasonable. (*See* Lambert Affidavit [117] at App. 13.) However, given the evidence properly before it, the Court finds that the $345.00 hourly rate is a reasonable rate in the Dallas community for an Of Counsel attorney litigating a labor and employment case.

The lodestar, then, is 300.35 hours multiplied by the rate of $345.00 per hour, or $103,620.75. This lodestar "is presumptively reasonable and should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court has considered the *Johnson* factors and does not find that any of them, when applied to this litigation, create such an exceptional case so as to justify modifying the lodestar. The reasonable attorney's fee award in this case will therefore be $103,620.75.

---

[3] Vinson & Elkins is tied with numerous firms as the number one firm for labor and employment litigation in the state of Texas and in the city of Houston, which is where Plaintiff's counsel is located. Though the Court questions the applicability of this affidavit to Plaintiff's counsel, whose firm is not ranked for labor and employment litigation in Texas generally or Houston specifically, it will be considered for lack of any other affidavit presented by Plaintiff.

### D. Costs and Expenses

Plaintiff's counsel claims that he is owned $10,685.57 in costs and expenses related to this litigation. Defendants dispute this amount, pointing to numerous instances where counsel could have saved money by doing things such as taking a shuttle instead of a taxi or being a Southwest frequent flyer. The Court is not going to second-guess the travel decision of Plaintiff's counsel and will not consider these arguments. Defendants also argue that the mileage calculations given by Plaintiff are excessive, contending that these calculations exceed the cost of gas. Defendants fail to take into account that this mileage reimbursement considers more than just the cost of gas and includes things such as wear and tear to the vehicle. Finally, Defendants argue that Plaintiff's counsel was already reimbursed for these costs and expenses by his own law firm. However, whatever arrangements exist between Plaintiff and his law firm regarding reimbursement of costs and expenses have no bearing on Defendants' liability for them. Therefore, the Court finds that the costs and expenses documented by Plaintiff's counsel are reasonable, and the full $10,685.57 shall be included in the awarded as reasonable costs and expenses.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Attorney's Fees [116] is **granted.** The Court awards Plaintiff's counsel a total of **$114,306.32**, which includes $103,620.75 in reasonable attorney's fees and $10,685.57 in reasonable costs and expenses.

SO ORDERED AND ADJUDGED this the ___21st___ day of March, 2017.


                                                s/Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE